IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES EDWARD VINSON #206907
          Petitioner      :

         v.       :  CIVIL ACTION NO. DKC-09-2271

WARDEN HERSHBERGER and   :
THE ATTORNEY GENERAL OF THE
   STATE OF MARYLAND   :
          Respondents

## MEMORANDUM OPINION

On March 15, 1990, James Edward Vinson entered an *Alford*[1] plea in the Circuit Court for Worcester County to one count of rape and one count of burglary. Paper No. 4, Attach. 1, at 10, and Paper No. 4, Attach. 4. He was sentenced on May 17, 1990, to life imprisonment for rape and a consecutive twenty year prison term for burglary. Paper No. 4, Attach. 1, at 2-3, 10-11. Vinson filed a direct appeal but later requested that it be dismissed. Paper No. 4, Attach. 1, at 11.

On March 5, 1997, Vinson filed a state post-conviction petition in the Circuit Court for Worcester County. Paper No. 4, Attach. 1, at 11. The petition was denied by the Circuit Court on June 13, 1997. Paper No. 4, Attach. 1, at 12. Vinson's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals of Maryland on November 17, 1997. Paper No. 4, Attach. 2.

On May 24, 2007, Vinson filed a second post-conviction petition, which was denied by the Circuit Court on June 12, 2007. Paper No. 4, Attach. 1, at 15. Vinson's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals in an unreported opinion filed on March 6, 2008. Paper No. 4, Attach. 3.

---

[1] Under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970),. "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

Vinson filed the above-captioned 28 U.S.C. § 2254 habeas corpus Petition, dated August 23, 2009 and received for filing on August 27, 2009,[2] attacking his convictions. Respondents argue the instant case is subject to dismissal as time-barred. Paper No. 4. Vinson contends the court should review his claims on the merits as he has trouble understanding legal issues and required assistance of fellow prisoners in order to present his claims in this forum.[3] Paper No. 7. For the reasons that follow, Vinson is not entitled to an evidentiary hearing and the Petition must be denied and dismissed with prejudice as time-barred.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") became law, substantially modifying the scope and context of federal habeas corpus review over challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. § 2244(d).[4]

---

[2] The pro se Petition is deemed filed on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[3] Vinson also seeks waiver of the filing fee. Document 6. As his motion for leave to proceed in forma pauperis previously was granted, *see* Documents 2 and 3, the motion shall be denied as moot.

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States was removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Under the facts presented here, Vinson's convictions became final prior to the effective date of the one-year limitations period enacted by the AEDPA. For those whose convictions became final prior to AEDPA, the one-year limitations period under 28 U.S.C. § 2244(d) started to run on April 25, 1996. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final prior to April 24, 2000, the date when the limitations period went into effect); *see also Hernandez v. Caldwell*, 225 F.3d 435, 435-40 (4th Cir. 2000) (holding the limitations period begins to run on April 25, 1996, and expires on April 24, 1997, for convictions which became final before April 24, 1996).

The one-year limitations period began to run on Vinson on April 25, 1996. He commenced post-conviction review of March 5, 1997. When Vinson completed post-conviction review on November 17, 1997, fifty days remained on the one-year limitations period. Vinson, however, did not seek federal habeas corpus relief for nearly twelve years after the completion of state court proceedings.[5] Vinson's lack of understanding of the law does not serve to toll the statute of limitations. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004)**.**

The doctrine of equitable tolling may apply to excuse a petitioner's failure to comply with the AEDPA's statute of limitations. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and

---

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection..

[5] As the second post-conviction petition was not authorized under Maryland law, *see* Md. Code. Ann., Crim. Pro. Art. §§ 7-101 to 7-301 (2001), it is not deemed "properly filed" and does not toll the limitations period. *Artuz v. Bennett,* 531 U.S. 4, 5-11 (2000).

circumstances of each particular case, *id*. at 300, and a number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period.[6] Equitable tolling is appropriate only in exceptional circumstances of profound mental incapacity. *See United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). A mental condition that burdens but does not prevent a petitioner from filing a timely habeas petition does not amount to an extraordinary circumstance warranting equitable tolling. *See United States v. Harris*, 268 F.Supp.2d 500, 506 (E.D. Pa. 2003). While mental illness may form the basis of an equitable tolling argument, "without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," the claim is insufficient to justify equitable tolling. *See Boos v. Runyan*, 201 F.3d 178, 185 (2d Cir. 2000). There is simply no evidence to support Vinson's claim that he has been adjudicated incompetent and should be excused from timely filing his federal habeas corpus petition and, indeed, there is evidence to the contrary, as Vinson was found mentally competent to stand trial and elected to enter an *Alford* plea.

A separate Order shall be entered dismissing Vinson's Petition as time-barred. A certificate of appealability will not issue because Vinson has not made a "substantial showing of the denial of a constitutional right."[7]

Date:  February 3, 2010                            _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

---

[6] *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1000), *Calderon v. United States Dist. Court for the Central District*., 163 F.3d 530, 541 (9th Cir. 1998).

[7] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).